MATTER OF CADLE

In DEPORTATION Proceedings

A-12367491

*Decided by Board August 20, 1962*

Since British Honduras is not an "adjacent island" within the purview of section 101(b)(5) of the Immigration and Nationality Act, a native of British Honduras is not statutorily ineligible for adjustment of status under section 245(c) of that Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant remained longer than permitted.

This case is before us on appeal from a decision of a special inquiry officer denying relief under section 245 of the Immigration and Nationality Act, as amended [8 U.S.C. 1255], granting voluntary departure and directing that the respondent be deported if he fails to depart voluntarily.

We have carefully reviewed the entire record. The respondent is a 38-year-old married male, native and citizen of British Honduras, who last entered the United States on June 3, 1960 at which time he was admitted as a nonimmigrant visitor for pleasure for a period expiring on July 2, 1960. He remained in the United States thereafter without authority. The record does not show whether he had been in the United States prior to 1960. In his application under 8 U.S.C. 1255, the respondent stated that his wife was born in the United States. Counsel conceded that the respondent is deportable on the charge stated in the order to show cause. The sole issue to be determined is whether his birth in British Honduras renders him statutorily ineligible to secure the status of a permanent resident under 8 U.S.C. 1255.

Subsection (a) of 8 U.S.C. 1255 was amended on August 21, 1958 (Public Law 85-700; 72 Stat. 699) and on July 14, 1960 (Public Law 86-648; 74 Stat. 505). The Service does not claim that the respondent is statutorily ineligible under that subsection but only under subsection (c). 8 U.S.C. 1255(c) was added by the Act of August 21, 1958,

*supra*, and provides: "The provisions of this section shall not be applicable to any alien who is a native of any country contiguous to the United States, or of any adjacent island named in section 1101 (b)(5) of this title." 8 U.S.C. 1101(b)(5) provides as follows:

(5) The term "adjacent islands" includes Saint Pierre, Miquelon, Cuba, the Dominican Republic, Haiti, Bermuda, the Bahamas, Barbados, Jamaica, the Windward and Leeward Islands, Trinidad, Martinique, and other British, French, and Netherlands territory or possessions in or bordering on the Caribbean Sea.

The special inquiry officer held that British Honduras is a British territory or possession bordering on the Caribbean Sea and that it is within the defined term "adjacent islands" although actually it is not an island. The Service urges that we accept this ruling. Counsel submitted a brief, but neither party has referred us to anything in the legislative history of these statutory provisions which would be helpful in determining whether it was or was not the Congressional intent to include British Honduras in the term "adjacent islands". We have also found nothing of value in our own examination of the legislative history.

A more important consideration is that British Honduras is, in truth and in fact, not an island. The word "island" is defined as a tract of land surrounded by water. British Honduras, however, is not surrounded by water; on the contrary, it is surrounded by land with the exception of the northeastern and eastern boundaries which are on the Bay of Honduras or Gulf of Honduras.

Another matter which is of significance is that 13 countries and places are specifically named in 8 U.S.C. 1101(b)(5) and that every one of these is, in fact, an island or situated on an island. If Congress intended that the term "adjacent islands" should include British Honduras which is not an island, it seems unlikely that it would have failed to add this to the list of countries and places named, particularly since British Honduras appears to be the only British, French or Netherlands territory concerning which there would be any ambiguity.

It was suggested that Congress could have avoided the ambiguity which has arisen by using the language "other British, French, and Netherlands islands", that is, substituting the word "islands" for "territory or possessions" as it appears in the statute. This would, of course, be somewhat repetitious. In addition, it seems probable that Congress, in precluding adjustment of status for natives of contiguous territory and adjacent islands, believed that the travel expense for such aliens would not be great and that they should return to their native countries to procure immigrant visas. We believe, therefore, that Congress was not attempting to classify British Honduras as an

41

island when in actuality it is not an island, but that Congress was merely distinguishing between those islands which were to be considered adjacent to the United States and those islands which were not to be considered adjacent. In addition, "territory or possessions" appears to be a more comprehensive term because in the Caribbean Sea there are various tracts of land entirely surrounded by water which do not bear the appellation of "Island" but are instead named "Cay", "Bank", or "Reef".

During the oral argument, counsel and the Service representative referred to a regulation which was supposed to have included British, French and Dutch Guiana in the term "adjacent islands", and counsel further stated that he believed this Board had corrected the interpretation so that a person from the Guianas could apply for adjustment of status under 8 U.S.C. 1255. However, counsel did not cite the supposed regulation nor any decision of the Board concerning the matter. Since British, French and Dutch Guiana are on the mainland of South America and do not border on the Caribbean Sea but are on the Atlantic Ocean, they clearly would not be within the purview of 8 U.S.C. 1101(b)(5). We do not believe that any decision which may have been made with respect to British, French or Dutch Guiana would be helpful in this respondent's case.

For the reasons indicated above, we hold that British Honduras is not an adjacent island under 8 U.S.C. 1101(b)(5) and that the respondent is not precluded from adjustment of status by virtue of the provisions of 8 U.S.C. 1255(c). Since the special inquiry officer had denied the respondent's application on the ground of statutory ineligibility without reaching the merits of the application or receiving evidence in support of the application, we will reopen the hearing and remand the case to him for further action.

ORDER: It is ordered that the hearing be reopened and that the case be remanded to the special inquiry officer for further action consistent with this opinion.