## MATTER OF VELASQUEZ-HERNANDEZ

### In Deportation Proceedings

### A-10419609

### Decided by Board August 24, 1966

Since respondent, a native of Mexico, who is subject to the provisions of section 212(a)(14) of the Immigration and Nationality Act, as amended by P.L. 89-236, who has been in the U.S. labor market since 1957, and who is employed as a cook's helper for which occupation the required certification by the Secretary of Labor is precluded by 20 CFR 60.2(a)(2) and Schedule B of 29 CFR 60, he is inadmissible to the United States and ineligible to obtain a special immigrant visa; therefore, he comes within the proviso to section 244(f) of the Act and is not barred by clause (3) of section 244(f) from establishing statutory eligibility for suspension of deportation under section 244(a)(1) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Entered without inspection.

On February 27, 1964, a special inquiry officer granted the respondent's application for voluntary departure, but provided for his deportation from the United States to Mexico, on the charge contained in the order to show cause, in the event of his failure to so depart. That decision became final for want of an appeal, and the respondent failed to take advantage of the voluntary departure privilege. Thereupon, a warrant of deportation was issued on January 18, 1966.

On that same date, desponaent moved for reopening of the proceedings to permit him to file and prosecute an application for suspension of deportation, pursuant to section 244(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1254), as amended by the Act of October 24, 1962 (76 Stat. 1247). On January 25, 1966, the special inquiry officer denied that motion. It is the appeal from that denial which brings the case before this Board for consideration.

781

The record relates to an unmarried male alien, a native and national of Mexico, who last entered the United States on or about June 25, 1957. He did not then present himself for inspection, and he was not inspected by an immigration officer. Accordingly, his deportability on the above-stated charge is established. It is also uncontested.

The special inquiry officer's denial of respondent's motion is based on a conclusion that the latter is not eligible for suspension of deportation because of section 244(f)(3) of the Immigration and Nationality Act which provides, *inter alia*, as follows:

No provision of this section shall be applicable to an alien who * * * (3) is a native of any country contiguous to the United States.

Respondent, however, contends that his case is not controlled by the foregoing section because of the *Proviso* thereto, which reads:

That the Attorney General may in his discretion agree to the granting of suspension of deportation to an alien specified in clause (3) of this subsection if such alien *establishes to the satisfaction of the Attorney General that he is ineligible to obtain a nonquota immigrant visa.* (Emphasis supplied.)

He urges that his case falls squarely within that *Proviso*, because of section 212(a)(14) of the Act, which states:

Except that as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States: * * * Aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. * * * .

The respondent states that he is employed as a cook's helper, and that this is an occupation for which a labor certification cannot be obtained because of "Schedule B" of the Department of Labor regulations. He argues that if he is in a job classification under which it is legally impossible to obtain a labor certification then it follows both logically and legally, that he is, under the foregoing provisions of the statute, inadmissible to the United States, ineligible for a visa, and entitled to apply for suspension of deportation.

The Service concedes that determination and certification of a cook's helper is now precluded by 29 CFR 60.2(a)(2) and Schedule B of 29 CFR 60.4. But it nevertheless contends that the fact of respondent's employment as a cook's helper, if true, is insufficient

under the law, in and of itself, to establish his ineligibility to receive a visa.

Section 244(f)(3) of the Immigration and Nationality Act contains only ordinary words, which must be given their usual and commonplace meaning.[1] It is part of a remedial section of the law and, therefore, is to be interpreted liberally.[2] The same is true of the *Proviso* thereto, which is in the nature of an exception.[3] Section 212(a)(14) of the Act must be similarly construed in connection with section 244(f)(3), so that the statute will produce a harmonious whole.[4] These considerations likewise apply to the related regulation of the Department of Labor (29 CFR 60 *et seq.*), which cannot exceed the scope of the law on which it depends.[5]

We are convinced that a literal reading of sections 244(f)(3) and 212(a)(14) of the Immigration and Nationality Act, plus 29 CFR 60.2(a)(2) and 60.4, in the light of the foregoing applicable rules of statutory construction, requires confirmation of the respondent's position. The Service seeks to overcome his argument by asserting that a review of the history of the legislation involved reveals no intent on the part of the Congress to permit an alien native of a contiguous country, who happens to have the requisite physical presence here, to establish eligibility to apply for suspension of deportation merely by taking a job listed in Schedule B of 29 CFR 60.4 which, *per se*, makes him ineligible for a visa under section 212(a)(14). This contention, however, ignores both the fact the respondent has been engaged in the same employment since approximately 1957, and the fact that there is likewise no expressed intent by the Congress to exclude such an alien from relief, either. The Service position in this respect also overlooks the rules that:

(1) the language of the law cannot be enlarged beyond the ordinary meaning of its terms in order to carry into effect the general purpose for which it was enacted;[6]

(2) mere convenience of enforcement cannot justify a strained construction of the language used;[7] and

(3) the guides for statutory construction only come into play when they shed light on some ambiguous word or phrase, and are but tools

---

[1] *Auers* v. *Phillips Petroleum Co.*, 25 F.S. 458.

[2] *Sutherland, Statutory Construction*, 3d. ed., Vol. 2, sec. 3302.

[3] *Sutherland, Statutory Construction*, 3d. Ed., Vol. 2, sec. 4936.

[4] *U.S.* v. *National Surety Co.*, 20 F. 2d. 972.

[5] *U.S.* v. *Smull*, 236 U.S. 405.

[6] *In re McDonaugh*, 49 Fed. 800.

[7] *U.S.* v. *J. H. Winchester & Co., Inc.*, 40 F. 2d 472.

to resolve a doubt; they cannot undo or limit that which the text makes plain.[8]

We could speculate, as does the Service, that legislative oversight has resulted in the respondent being in a position to be rewarded with suspension of deportation. However, we think it more probable that the Congress intended the attendant problems outlined by the Service handled administratively. Thus if, as the Service asserts, the respondent's occupation is not actually of such a nature as to bring him within Schedule B of 29 CFR 60.4—or if the question of good faith arises by reason of his qualifications for and the availability of other types of employment (or in the supposititious situation outlined by the Service where an alien suddenly obtains a position covered by Schedule B)—this can easily be ascertained in appropriate proceedings. In view of the foregoing, and the fact that respondent has been in the labor market here since 1957, we think he has made out a *prima facie* case entitling him to same, the contentions of the Service to the contrary notwithstanding.

Support for our holding herein, if such be necessary, can be had by comparing sections 244 and 245, both of which are remedial in nature. Both subsections (f)(3) of the former and (c) of the latter specifically state that they shall not be applicable to aliens who are natives of countries of the Western Hemisphere or of any of the adjacent islands named in section 101(b)(5) of the Immigration and Nationality Act. But section 244(f)(3) also contains a specific exemption thereto not found in section 245(c). The failure of the Congress to spell out a similar exception in section 245(c) is most persuasive. And we fail to see how the Service can logically support our rulings that an alien who cannot obtain a "Labor clearance" is ineligible for relief under section 245,[9] and not reach a similar conclusion here where there is a *prima facie* showing of ineligibility for a visa.[10]

ORDER: It is ordered that the appeal be sustained; that the special inquiry officer's decision of January 25, 1966 be withdrawn; and that these proceedings be reopened for appropriate action not inconsistent with the foregoing opinion.

---

[8] *Application of Barnes*, 219 F. 2d 137.

[9] *Matter of T—T—*, A-13,550,300, B.I.A., 5/17/66; Int. Dec. No. 1591.

[10] Cf. *Matter of D—R—*, A-13,513,296, B.I.A., 5/18/66; Int. Dec. No. 1587.