## MATTER OF REEVES

### In Deportation Proceedings

### A-13513296

*Decided by Board May 18, 1966*

Since respondent, a native and citizen of Jamaica, is a special immigrant as defined in section 101(a)(27)(A) of the Immigration and Nationality Act, as amended by the Act of October 3, 1965 (P.L. 89-236) and there has been no showing he is ineligible to obtain a special immigrant visa, he is precluded by the provisions of section 244(f) from establishing statutory eligibility for suspension of deportation under section 244(a)(1) of the Act because he is a native of an adjacent island as defined by section 101(b)(5).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—nonimmigrant.

This case comes forward on appeal from an order entered by the special inquiry officer on February 16, 1966 denying the respondent's application for suspension of deportation and his application for voluntary departure. The respondent, a 50-year-old married male, native and citizen of Jamaica, has resided continuously in the United States since last entering at Detroit, Michigan sometime during January 1952 as a nonimmigrant visitor authorized to remain in the United States for a period of several hours. Deportation proceedings were instituted against the respondent on April 15, 1965. Hearings in deportation proceedings were held at Cleveland, Ohio on April 27, 1965, May 26, 1965 and January 19, 1966. The special inquiry officer on motion of the trial attorney with the consent and approval of respondent's counsel orally amended allegations 3, 4 and 5 in the order to show cause. Allegation No. 3 was amended to read that the respondent entered the United States at Detroit, Michigan in January 1952. Allegation No. 4 was amended to read that he was then admitted as a nonimmigrant visitor for pleasure and authorized to remain in the United States for a period of several hours and allegation No. 5 was amended

to read that he has remained in the United States for a longer period than several hours (pp. 3 & 4). Counsel admitted the truth of allegations 1 and 2 and amended allegations 3 and 5 (p. 4). The record convincingly establishes that the respondent was last admitted to the United States as a visitor at Detroit, Michigan for a period of several hours sometime during January 1952. He has remained in the United States without authority since the latter date. On the basis of the evidence present in this record, he is subject to deportation under the provisions of section 241(a)(2) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant under section 101(a)(15) of the Act, he remained in the United States for a longer time than permitted.

On examination of the record we find the respondent was initially admitted to the United States at Miami, Florida on or about May 20, 1944 under section 5(g) as an agricultural worker for a period of one year. His status was changed to that of a nonimmigrant visitor. Deportation proceedings were instituted against him on January 11, 1951 when a warrant for his arrest was issued. Upon conclusion of the deportation hearing held at New York, New York on February 13, 1951, the hearing officer recommended that he be deported from the United States. The Acting Assistant Commissioner, Adjudications Division, in a decision dated March 28, 1951 denied the respondent's application for voluntary departure and directed that he be deported from the United States pursuant to law under the Immigration Act of 1924, as amended, remained longer, visitor.

The respondent departed from the United States to Canada sometime during April or May 1951 where he remained until he last entered at Detroit, Michigan in January 1952. The facts detailing the respondent's marrying one Lela MacKenzie in Jamaica on or about May 17, 1944 and his being the father of two children born out of wedlock as a result of his intimacies with one Iris Murray, both of whom are adults and his having illicit sexual relations with Mrs. Harriet Pulley, a widow, while a roomer at her home between 1961 and March 1965 as well as his marriage to Lela MacKenzie never having been lawfully terminated have been fully and adequately covered by the special inquiry officer in his decision of February 16, 1966 and need no further discussion herein. A communication dated December 2, 1965 and identified herein as Exhibit 8 states a search was made of the records of the Supreme Court of Kingston, Jamaica, West Indies on December 16, 1965; that no trace was found of any divorce proceeding between the respondent to Lela MacKenzie (Ex. 8).

The special inquiry officer has denied the respondent's applications for suspension of deportation under section 244(a) of the Immigration and Nationality Act and for voluntary departure on the ground that he is statutorily ineligible therefor since he has failed to establish good moral character for the period required by statute under the provisions of section 101(f)(2) of the Immigration and Nationality Act. His reasons therefor, which are concurred in by this Board, are clearly set forth in his decision of February 16, 1966. In any event the respondent is statutorily ineligible for suspension of deportation under section 244(a) of the Immigration and Nationality Act, as amended, because he is a native and citizen of Jamaica which is an adjacent island as defined in section 101(b)(5) of the Immigration and Nationality Act. Under the provisions of section 244(f) of the Immigration and Nationality Act the provisions of section 244(a) shall not be applicable to an alien who is a native of any country contiguous to the United States or any adjacent island named in section 101(b)(5): Provided, that the Attorney General may in his discretion agree to the granting of suspension of deportation to an alien as specified in clause (3) of section 244(f) if such alien establishes to the satisfaction of the Attorney General that he is ineligible to obtain a nonquota (special immigrant visa) immigrant visa. The respondent is a special immigrant as that term is defined in section 101(a)(27) of the Immigration and Nationality Act as amended by the Act of October 3, 1965 (Public Law 89-236). Since there has been no showing that the respondent herein is ineligible to obtain a special immigrant visa the relief provided in section 244(a)(1) of the Immigration and Nationality Act is not applicable to the respondent herein because he is a native of an adjacent island named in section 101(b)(5). For the reasons hereinbefore set forth, the following order will be entered.

ORDER: It is ordered that the appeal be dismissed.