MATTER OF PADILLA-MUNOZ

In Deportation Proceedings

A-7070942

*Decided by Board October 6, 1966*

Since respondent, a native of Mexico, who has a permanent resident alien child and 2 U.S. citizen children, is a "special immigrant" exempt from the labor certification requirements of section 212 (a) (14) of the Immigration and Nationality Act, as amended by P.L. 89-236, his contention that he comes within the proviso to section 244(f) of the Act because of inability, as a farm laborer, to obtain a certification from the Secretary of Labor is without merit, and absent a showing of ineligibility to obtain a special immigrant visa, he is barred by the provisions of section 244(f) (3) from establishing statutory eligibility for suspension of deportation under section 244(a) (1) of the Act because he is a native of a country contiguous to the United States.

CHARGE:

Order: Act of 1952—Section 241(a) (2) [8 U.S.C. 1251(a) (2)]—Entered without inspection.

This case comes forward on appeal from an order entered by the special inquiry officer on June 23, 1966 denying the respondent's application for suspension of deportation under section 244(a) of the Immigration and Nationality Act but granting him permission to depart voluntarily from the United States in lieu of deportation and directing that he be deported from the United States to Mexico on the charge set forth in the order to show cause in the event he fails to depart when and as required. The respondent; a 48-year-old divorced male, native and citizen of Mexico, has resided continuously in the United States since last entering without documents and without being examined by an officer of the Service at or near San Ysidro, California on or about February 15, 1953. Deportation proceedings were instituted against the respondent on March 22, 1966. A hearing in deportation proceedings was held at San Francisco, California on March 29, 1966 at which time the respondent and

counsel admitted the truth of the factual allegations set forth in the order to show cause and conceded deportability on the charge stated therein. The evidence of record clearly shows that the respondent is subject to deportation under the provisions of section 241(a)(2) of the Immigration and Nationality Act, in that, he entered the United States without inspection.

The respondent's application requesting that his deportation be suspended under section 244(a)(1) of the Immigration and Nationality Act was subscribed, sworn to and submitted for consideration at the deportation hearing held on March 29, 1966. The record reflects that the respondent's marriage to a citizen of the United States in November 1948 was terminated by divorce in Reno, Nevada on September 5, 1962. Three children, two of whom are citizens of the United States, are issue of this union. The oldest child is a lawful permanent resident of the United States. The respondent's children live with their mother in Downey, California. The respondent who has not seen his children for at least five years contributes $90 per month toward their support. The respondent declared that his deportation to Mexico would result in hardship to himself since he has a good job and steady employment in this country.

The record shows the respondent was deported from the United States to Mexico through the port of San Ysidro, California on December 9, 1948. The respondent's testimony indicates that he was also deported from the United States in 1952. The District Director of Immigration and Naturalization at Los Angeles, California on December 24, 1963 granted the respondent permission to reapply for admission after arrest and deportation. The respondent did not return to Mexico to obtain an immigrant visa. The record indicates that an immigrant visa was denied the respondent by the United States Consul because at the time he made application therefor he did not have permission to reapply for admission after deportation. A further recital of the remaining facts in this case is not deemed necessary inasmuch as they have been fully and adequately covered by the special inquiry officer in his decision of June 23, 1966.

Counsel on appeal urged that the respondent's deportation be suspended because being a farm laborer he will not be able to obtain the required certification from the Department of Labor prior to the issuance of an immigrant visa. The respondent is statutorily ineligible for suspension of deportation under section 244(a) of the Immigration and Nationality Act, as amended, because he is a native and citizen of Mexico which is contiguous territory. Under the provisions of section 244(f) of the Immigration and Nationality

Act, the provisions of section 244(a) shall not be applicable to an alien who is a native of any country contiguous to the United States or * * * named in section 101(b)(5): provided that the Attorney General may in his discretion agree to the granting of suspension of deportation to an alien specified in clause (3) of section 244(f) if such alien establishes to the satisfaction of the Attorney General that he is ineligible to obtain a nonquota (special immigrant) immigrant visa. The respondent is a special immigrant as that term is defined in section 101(a)(27) of the Immigration and Nationality Act as amended by the Act of October 3, 1965. Since there has been no showing that the respondent herein is ineligible to obtain a special immigrant visa, the relief provided for in section 244(a)(1) of the Immigration and Nationality Act is not applicable to the respondent because he is a native of contiguous territory. If the respondent is inadmissible to the United States under section 212(a)(17) of the Immigration and Nationality Act as one who has been arrested and deported and has not been granted permission to reapply for admission after arrest and deportation, this circumstance is one that the Service can rectify by again granting the respondent permission to reapply for admission to the United States after arrest and deportation.

Counsel's assertion that the respondent will be ineligible to receive an immigrant visa because he will not be able to obtain a certification from the Secretary of Labor as required by section 212(a)(14) of the Immigration and Nationality Act, as amended, is without merit. Section 212(a)(14) of the Act, among other things, states that the exclusion of aliens under section 212(a)(14), *supra*, shall apply to special immigrants defined in section 101(a)(27)(A) of the Act other than the parents, spouses, or children of United States citizens or parents, spouses of aliens lawfully admitted to the United States for permanent residence. For the reasons hereinbefore set forth, the following order will be entered.

**ORDER:** It is ordered that the appeal be dismissed.