MATTER OF SANTANA

In Deportation Proceedings

A-14884798

*Decided by Board August 15, 1969*

An alien who, following arrival for permanent residence, did not proceed to her employment as a "sleep-in" maid for which she had been issued a labor certification but instead resumed the employment (linking machine operator) she had prior to departure to obtain her visa for entry for permanent residence, is deportable for lack of a valid labor certification at entry as required by section 212(a)(14) of the Immigration and Nationality Act, as amended, notwithstanding she belatedly (more than a year after entry, and following the institution of deportation proceedings) took the employment for which she was certified at entry.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251]—Excludable by law existing at time of entry (section 212(a)(14), I. & N. Act; 8 U.S.C. 1182)—coming to perform skilled or unskilled labor—no valid labor certification.

On Behalf of Respondent:
Albert Mayer, Esquire
274 Madison Avenue
New York, New York 10016

On Behalf of Service:
Irving A. Appleman
Appellate Trial Attorney

The case is before us on appeal from a special inquiry officer's order of June 6, 1968, granting the respondent the privilege of voluntary departure, but providing for her deportation from the United States to the Dominican Republic, on the charge contained in the order to show cause, in the event of her failure to so depart. The special inquiry officer's decision will be affirmed and the appeal dismissed.

The record relates to a 34-year-old female alien, a native and citizen of the Dominican Republic, who last entered the United States on May 17, 1967. She was then admitted for permanent residence upon presentation of an immigrant visa supported by a certification from the Secretary of Labor. The latter document

showed that she was destined to a Mr. Alfredo Colon, Uniondale, New York, for employment as a "sleep-in" maid. However, she did not take up that employment until May 25, 1968, which was more than a year following her last entry, and was also after deportation proceedings had been instituted against her and two hearings held therein.

The respondent and her husband, who is apparently in the United States illegally, originally came to this country as temporary visitors in 1964. They remained in Puerto Rico for more than a year thereafter, and then proceeded to New York in about August of 1966. The respondent then obtained employment as a linking machine operator for Circle Jewelry Products, Inc., 148 West 124th Street, New York, and continued in that employment until December of 1966. In January of 1967, after having made arrangements with Mrs. Colon for employment as a domestic, she returned to the Dominican Republic, while her husband remained in this country.

Immediately following her last entry, the respondent proceeded directly to the residence of her husband and remained with him the rest of that day and night. The following day, she proceeded to Circle Jewelry Products, Inc., where she had previously worked, allegedly only to give presents from the Dominican Republic to her former colleagues, but with the result that she resumed her former employment. She retained this employment until after the institution of these deportation proceedings. She claims however that at the time she obtained her immigrant visa, her labor certification, and her last entry, she intended to work as a domestic for Mr. & Mrs. Colon.

Section 212(a)(14) of the Immigration and Nationality Act provides that, with stated exceptions not here applicable, an alien shall be ineligible to receive a visa and/or for admission into the United States unless in possession of a certification by the Secretary of Labor. 29 CFR 60.5 provides generally that the requisite labor certification is invalid if the representations upon which it is based are incorrect. Insofar as this particular case is concerned, the regulation limited the application of the labor certification to the position described in the job offer submitted in behalf of the respondent.

Focusing upon the moment of this respondent's admission, as we must since she is charged with deportability under section 241(a)(1) of the Immigration and Nationality Act, the key question presented is whether the labor certification the respondent presented at that time was valid under the Department's regula-

tion, 29 CFR 60.5. For the following reasons, our answer is in the negative.

Reduced to its essence, the contention here is that the respondent's deportation can be defeated simply because, more than a year after her entry and following the institution of these proceedings, she took the job to which she was apparently destined at the time of arrival. Application of the foregoing facts of record, in the light of the pertinent provisions of the law and the related regulations outlined above, convinces us that the special inquiry officer has properly decided this question adversely to the respondent. Accordingly, his decision is affirmed.

Summarizing briefly, the validity of the respondent's labor certification depended on the correctness of the representations contained therein at the time of her entry. That document then showed that she was destined to a Mr. & Mrs. Colon for employment as a "live-in" maid. However, she proceeded immediately to return to employment she had engaged in for several months prior to her departure from the United States to obtain her visa. She did not assume the employment designated in her labor certification until after a year subsequently and, in fact, not until she had been made the subject of deportation proceedings. Under these circumstances, we find that the respondent's post-entry delay in taking up the certified employment shows clearly, convincingly and unequivocally that her intention at entry was not to comply with the certification provision of section 212(a)(14) of the Immigration and Nationality Act.

We cannot agree with the respondent that she is saved by the related assumption of her duties as a "sleep-in" maid. It is clear from her conduct, which speaks louder than her present protestations, that at entry she did not intend to comply with the terms of her admission, viz. to fulfill the obligations of section 212(a)(14) of the Immigration and Nationality Act. Accordingly, and in line with a more recent and pertinent precedent on the point, *Matter of Paulin*, A–18151469, May 2, 1969, BIA, Interim Decision No. 1973, we find it unnecessary to comment on the special inquiry officer's ruling that our decision in *Matter of Tucker*, 11 I. & N. Dec. 328, is controlling here.

Insofar as the discrimination claimed by the respondent under section 202(a) of the Immigration and Nationality Act (8 U.S.C. 152) is concerned, we find that her argument is completely without merit. Public Law 89–732 (80 Stat. 1161, 1966) was enacted to create a distinction rather than discrimination between Cubans and other Western Hemisphere aliens. The Congress has an abso-

lute and unqualified power to prescribe the conditions under which an alien may enter the United States,[1] as a power inherent in sovereignty.[2] And the proper function of this tribunal in the administrative scheme does not encompass passing upon constitutional questions such as this.[3]

In conclusion, we note, again, that the respondent's husband is in the United States illegally; that their two children are in the Dominican Republic; that the respondent designated the Dominican Republic as the country to which she desired to be deported in the event such action should become necessary; that it is the country of her nativity and nationality; and that she stated that she did not fear persecution because of race, religion, or political opinion if deported thereto. All we can add is that the respondent has already been granted the privilege of voluntary departure by the special inquiry officer; and that the execution of the special inquiry officer's order has been stayed during the pendency of this appeal, *Matter of Aguirre*, A–18102434, February 13, 1969, Interim Decision No. 1940.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.

---

[1] *Volpe v. Smith*, 289 U.S. 422 (1933).

[2] *Fong Yue Ying v. United States*, 149 U.S. 698 (1893).

[3] *Panitz v. District of Columbia*, 112 F.2d 39 (D.C. Cir. 1940).