MATTER OF LONGSWORTH

In Deportation Proceedings

A–12732521

*Decided by Board April 24, 1969*

Respondent, a native of British Honduras, is precluded by the provisions of section 244(f)(3) of the Immigration and Nationality Act, as amended, from establishing statutory eligibility for suspension of deportation since British Honduras, a territory bordering the Caribbean Sea, is an "adjacent island" within the purview of that term as defined by section 101(b)(5) of the Act [*Matter of Cadle*, 10 I. & N. Dec. 40, overruled].

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—student—remained longer.

ON BEHALF OF RESPONDENT:
Esther Kaufman, Esquire
1028 Connecticut Avenue, N.W.
Washington, D.C. 20036

Gertrude K. Weiner, Esquire
(Attorney of record)
341 Washington Street
Brighton, Massachusetts 02135

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The respondent appeals from an order entered by the special inquiry officer on July 8, 1968 granting him voluntary departure in lieu of deportation as an alien who is deportable under the provisions of section 241(a)(2) of the Immigration and Nationality Act. Counsel on appeal seeks a remand of the case for consideration of the respondent's eligibility for suspension of deportation.

The respondent is a native of British Honduras and a citizen of the United Kingdom and Colonies. He arrived in the United States on November 14, 1961 as a refugee from a hurricane and was paroled. He was granted the status of a nonimmigrant visitor on December 8, 1961 at Boston, Massachusetts. His status was changed to that of a student (F–1) and on June 25, 1965, his temporary stay was extended to July 2, 1966. He has remained in

the United States subsequent to July 2, 1966 and is deportable as charged in the order to show cause.

Counsel, during oral argument, requested a remand of the case for consideration of the respondent's eligibility for suspension of deportation under the provisions of section 244(a)(1). Counsel points to the fact that pursuant to the Board's decision in *Matter of Cadle*, 10 I. & N. Dec. 40 (1962), the respondent does not come within the proscription of section 244(f)(3) of the Immigration and Nationality Act. We held in *Cadle* (*supra*) that British Honduras is not an "adjacent island" within the purview of section 101(b)(5) of the Act because in fact it is not an island. As for that portion of section 101(b)(5) which follows the 13 named countries and islands and reads "and other *British,* French and Netherlands *territory or possessions in or bordering on the Caribbean Sea*" (emphasis supplied), our decision in Cadle noted that British Honduras is surrounded by land with the exception of the northeastern and eastern boundaries which border on the Bay of Honduras or the Gulf of Honduras.

Our decision in *Cadle* (*supra*) relied upon the fact that most maps show the Gulf of Honduras as the body of water on which British Honduras borders. We have before us an opinion of The Geographer, Office of Strategic and Functional Research, Department of State, dated April 3, 1969 which states, "British Honduras conforms to the geographical description of being a territory bordering the Caribbean Sea." He refers to the Gulf of Honduras as an "indefinitely labeled body of water" which "is an open embayment of the Caribbean Sea." Accordingly, we hereby overrule our decision in *Matter of Cadle*, 10 I. & N. Dec. 40, that British Honduras is not an "adjacent island" within the meaning of section 101(b)(5) of the Immigration and Nationality Act (8 U.S.C. 101(b)(5)). The respondent, therefore, does come within the proscription of section 244(f)(3) of the Immigration and Nationality Act and is ineligible for suspension of deportation as an alien who is a native of "an adjacent island named in section 101(b)(5)" of the Act.

Section 244(f) of the Act also contains a proviso which states that the Attorney General may in his discretion suspend the deportation of an alien who is a native of an island, territory or possession in or bordering on the Caribbean Sea "if such alien establishers to the satisfaction of the Attorney General that he is ineligible to obtain a [special] immigrant visa." Counsel seeks a remand of the case to provide the respondent an opportunity to establish that he cannot obtain an immigration visa for the rea-

son that he is unable to obtain a labor clearance as required under section 212(a)(14) of the Act.

The respondent has been physically present in the United States for slightly more than seven years. He has been in a protected status for practically all of this time. Counsel has not made out a case for suspension of deportation over and above the possibility that the respondent may be unable to obtain an immigration visa because of the labor certification requirement of section 212(a)(14). Under the circumstances, we will deny counsel's request for a remand. The appeal will be dismissed.

Since the execution of the order entered by the special inquiry officer on July 8, 1968 has been stayed during the pendency of this appeal, we will provide for the voluntary departure of the respondent within 30 days from the date of this decision. An appropriate order will be entered.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.