MATTER OF NAJAR

In Deportation Proceedings

A–8953550
A–8953551

*Decided by Board July 28, 1971*

Respondents, natives and citizens of Mexico exempt from the labor certification requirements of section 212(a)(14) of the Immigration and Nationality Act, as amended, as the parents of U.S. citizen children, are not, by reason of nonavailability of special immigrant visas under the Western Hemisphere annual limitation and the need to wait some 14 months for the assignment of numbers, "ineligible to obtain" special immigrant visas within the meaning of section 244(f)(3) of the Act so as to qualify for suspension of deportation.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection (both aliens).

ON BEHALF OF RESPONDENT: Pro se

The respondents are husband and wife. The male respondent is 60 years of age and the female respondent is 49 years of age. Both are aliens and natives and citizens of Mexico. Both of them last entered the United States at San Ysidro, California on or about May 10, 1956 without having been inspected by an immigration officer. In a decision of a special inquiry officer, dated December 23, 1970, both respondents were found deportable as charged in each order to show cause, their applications for suspension of deportation pursuant to section 244(a)(1) of the Immigration and Nationality Act were denied, but they were granted the privilege of voluntary departure, with an alternate order that if they failed to depart from the United States within two months, they shall be deported to Mexico. The special inquiry officer has certified this matter to the Board of Immigration Appeals for final decision.

Deportability having been conceded, the only issue remaining was whether suspension of deportation was properly denied. The

737

respondents have been physically present in the United States for more than the seven years required immediately preceeding their applications and have been, and are, persons of good moral character as required by section 244(a)(1) of the Act. Since they entered the country in 1956, they have prospered as self-employed farmers in the vicinity of Olathe, Colorado. They have eleven children. Their four oldest children were born in Mexico and entered the United States with their parents. Seven children have been born to the respondents in this country and these seven children are United States citizens by birth. One child is married and the remaining ten children live at home with the respondents.

Under the provisions of section 244(f)(3) of the Act, the provisions of section 244(a) shall not be applicable to an alien who is a native of any country contiguous to the United States: Provided, that the Attorney General may in his discretion agree to the granting of suspension of deportation if such alien establishes to the satisfaction of the Attorney General that he is ineligible to obtain a nonquota immigrant visa. The respondents, who are natives of Mexico, fall squarely within this proviso. As parents of United States citizen children, they are exempt from the labor certification requirements of section 212(a)(14) of the Act. The various grounds of ineligibility for immigrant visas are set out in the separate paragraphs, (1) through (31), of section 212(a) of the Act. There is no evidence in this record to demonstrate that these respondents are ineligible under any of the aforesaid paragraphs. As of the date that the applications for suspension of deportation were submitted, the latest Visa Office Bulletin of the Department of State showed that numbers allocated under the Western Hemisphere limitation were for applicants with priority dates established about fourteen months earlier. We concur with the special inquiry officer's opinion that the nonavailability of an immigrant quota number under the Western Hemisphere, and the need to wait some fourteen months for the assignment of a number, is an element of extreme hardship and is to be distinguished from the matter of being ineligible to obtain an immigrant visa.

Since there has been no showing that the respondents herein are ineligible to obtain a nonquota immigrant visa, the relief provided in section 244(a)(1) of the Act is not applicable to these respondents who are natives of the Western Hemisphere. Despite the sympathetic circumstances of this case, we have no alternative but to sustain the action of the special inquiry officer in denying suspension of deportation. Voluntary departure is the only discretionary relief for which the respondents are eligible and

they were afforded two months to depart voluntarily from the United States, a period of time which we find to be reasonable. If a real need for additional time can be demonstrated, the application for such extension of time should be directed to the District Director who has sole jurisdiction under 8 CFR 244.2. Accordingly, the following order will be entered.

ORDER: It is ordered that the special inquiry officer's decision denying the applications for suspension of deportation pursuant to section 244(a) (1) of the Immigration and Nationality Act be and the same is hereby affirmed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondents be permitted to depart from the United States voluntarily within two months from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondents shall be deported as provided in the special inquiry officer's order.