MATTER OF DONOSO

In Visa Petition Proceedings

A-19368215

A-19368216

A-19368217

*Decided by Board April 27, 1973*

The preference classifications of section 203(a) of the Immigration and National-ity Act, as amended, are not available to a native of an independent country of the Western Hemisphere. Hence, beneficiaries, who were born in Ecuador, are ineligible for preference classification under section 203(a)(2) of the Act as the unmarried children of the lawful permanent resident petitioner.

The lawful permanent resident petitioner filed applications to classify the status of the beneficiaries as his unmarried children under section 203(a)(2) of the Immigration and Nationality Act. The District Director denied the applications because the benefi-ciaries, who were all born in Ecuador, are natives of the Western Hemisphere and, consequently, not eligible for any preference under the Immigration and Nationality Act. The petitioner ap-pealed. His appeal will be dismissed.

The preference categories established under section 203(a) of the Act are available to aliens who are subject to the numerical limitations system specified in section 201(a) of the Act. Section 201(a) specifically excludes "special immigrants" from its scope. According to section 101(a)(27)(A), persons born in an independent foreign country of the Western Hemisphere are "special immi-grants." Because of their birth in Ecuador, an independent coun-try of the Western Hemisphere, there is no preference category available to the beneficiaries. Hence, the District Director's deci-sion was correct.

Even though we must dismiss the petitioner's appeal, we feel we should point out that there are two possible courses of action that may be open to him. First, if he were to become naturalized, he could bring his unmarried children under the age of 21 years into the United States as his "immediate relatives" under section 201(b) of the Act. Immediate relatives who are otherwise qualified

are admitted without regard to numerical limitations. We mention this possibility inasmuch as the record indicates that the petitioner was admitted as an immigrant in 1967, and the residence requirement for naturalization contained in section 316(a)(1) of the Act is five years. Second, the petitioner could apply for special immigrant visas for his children. This would establish a priority date for them under the Western Hemisphere annual limitation of 120,000. Pursuant to section 21(e) of the Act of October 3, 1965 (P.L. 89–236, 79 Stat. 920), a special annual ceiling was established for Western Hemisphere special immigrants (other than those who qualify as immediate relatives under section 201(b)). There are no preference classes within the Western Hemisphere quota, and Western Hemisphere special immigrants will be considered for entry, without priority, on a first-come, first-served basis.

Petitioner's notice of appeal contains the contention that the District Director's decision was discriminatory. We regard this as an attack on the constitutionality of the statutory arrangement under which natives of independent countries of the Western Hemisphere do not come within the scope of the preference system set forth in section 203(a), but come under the Western Hemisphere annual ceiling as special immigrants instead. In *Matter of Santana*, 13 I. & N. Dec. 362 (BIA, 1969), we rejected a similar argument. We held in the *Santana* case that Congress has the absolute and unqualified power to prescribe the conditions under which an alien may enter the United States. We also reiterated the conclusion that we lack power to pass upon the validity of the statutes we administer.

Therefore, despite the sympathetic aspects of this case, we have no alternative but to uphold the District Director's decision and dismiss the appeal. The following order will accordingly be entered.

**ORDER:** The appeal is dismissed.