## MATTER OF ZOELLNER

### In Deportation Proceedings

### A–10316628

### Decided by Board December 16, 1974

(1) Where an alien had been convicted of two crimes involving moral turpitude and was thereafter, in a deportation proceeding, found deportable under section 241(a)(4) of the Immigration and Nationality Act, he was properly advised that he could apply for adjustment of status under section 245 of the Act in conjunction with an application for a waiver of inadmissibility under section 212(h) of the Act.

(2) The constitutionality of the immigration laws is not a proper subject for consideration in an administrative deportation hearing.

(3) British Honduras is included in the definition of an adjacent island to the United States in section 101(b)(5) of the Act. Respondent is precluded from naming British Honduras as the country of deportation under section 243(a) of the Act because he is neither native, citizen nor resident of that country.

CHARGE:

Order: Act of 1952—Section 241(a)(4), [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude at any time after entry.

ON BEHALF OF RESPONDENT: Glen H. Downs, Esquire
Legal Aid Service
732 S.W. Third Avenue
Portland, Oregon 97204

In a decision dated October 26, 1973, the immigration judge found the alien respondent deportable as charged and ordered his deportation to West Germany. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and a citizen of Germany who entered the United States in 1955. At the hearing, the Service introduced certified records showing the following convictions relating to the respondent: (1) September 17, 1957, in the District Court of Grayson County, Texas, for the crime of theft over $50 (Exh. 2); (2) December 10, 1959, in the Municipal Court of the City and County of San Francisco, California, for the crime of petit larceny, section 488 of the California Penal Code (Exh. 3); (3) July 12, 1972, in the Circuit Court for Multnomah County, Oregon, for the crime of forgery in the first degree (Exh. 4). We agree

162

with the immigration judge's conclusion that the respondent's deportability under section 241(a)(4) of the Immigration and Nationality Act has been established by clear, convincing, and unequivocal evidence.

The immigration judge informed the respondent that he could apply for adjustment of status under section 245 of the Act in conjunction with an application for a waiver of inadmissibility under section 212(h) of the Act (Tr. p. 41). No such application was submitted. The respondent is ineligible for any other discretionary relief from deportation because of his recent conviction.

On appeal, counsel claims that the immigration judge should have terminated the proceedings because section 241(a)(4) of the Act is unconstitutional. However, as the immigration judge pointed out, the constitutionality of the immigration laws is not a proper subject for consideration in an administrative deportation hearing. *Matter of Santana*, 13 I. & N. Dec. 362 (BIA 1969); *Matter of L—*, 4 I. & N. Dec. 556 (BIA 1951).

Counsel also contends that the immigration judge erred in refusing to allow the respondent to designate British Honduras as the country of deportaton pursuant to section 243(a) of the Act.

Section 243(a) permits an alien to designate the country to which he wishes to be deported, except that an alien may not designate "any foreign territory contiguous to the United States or any *island* adjacent thereto or *adjacent to the United States* unless such alien is a native, citizen, subject, or national of, or had a residence in such designated foreign contiguous territory or adjacent island." (Emphasis supplied.)

Section 101(b)(5) of the Act defines the term "adjacent islands" as including ". . . other British, French, and Netherlands territory or possessions in or bordering on the Caribbean Sea."

In *Matter of Longsworth*, 13 I. & N. Dec. 225 (BIA 1969), we held that British Honduras is within the section 101(b)(5) definition of "adjacent islands," because it is a British territory bordering on the Caribbean Sea. In *Matter of Piggott*, 15 I. & N. Dec. 129 (BIA October 30, 1974), we receded from the result reached in *Matter of Longsworth* with regard to the eligiblity of a native of a foreign colonial possession to apply for suspension of deportation under section 244 of the Act. Our holding in *Matter of Piggott*, had no effect on our holding in *Matter of Longsworth* that British Honduras was within the section 101(b)(5) definition of "adjacent islands."

Since British Honduras is within the section 101(b)(5) definition of "adjacent islands," its designation by one who is not a native, citizen, subject, national, or resident of that country is precluded by section 243(a) of the Act. Consequently, it was proper for the immigration judge to refuse to order deportation to British Honduras, and instead to direct deportation to West Germany, the country in which the respondent was

born. The respondent stated that he did not fear persecution if deported to West Germany (Tr. p. 40).

The decision of the immigration judge was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.