## MATTER OF PIGGOTT

### In Deportation Proceedings

A–14872513

A–14343531

*Decided by Board October 30, 1974*

Respondents are natives of Antigua and citizens of the United Kingdom and Colonies, as such they come within the purview of section 101(b)(5) of the Immigration and Nationality Act. Under section 244(f)(3) of the Act they are not eligible for suspension of deportation unless they can establish that they are ineligible to obtain special immigrant visas. Such aliens are, by definition in section 101(a)(27) of the Act, not eligible for special immigrant visas, therefore they are eligible for the suspension they seek upon the establishing of the requisite physical presence and extreme hardship requirements.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrants remained longer.

ON BEHALF OF RESPONDENTS:
Clara Binder, Esquire
401 Broadway
New York, New York 10013

ON BEHALF OF SERVICE:
Allan A. Shader
Trial Attorney

In decisions dated August 12, 1971, the immigration judge found both respondents deportable as charged and granted them the privilege of voluntary departure. The proceedings were subsequently reopened to allow the respondents to apply for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act. In a decision dated May 3, 1974, the immigration judge granted suspension of deportation to both respondents. The Service has appealed from that decision. The appeal will be dismissed.

DISCUSSION AS TO DEPORTABILITY: At their original hearing, the respondents conceded deportability. The only issue on this appeal involves the immigration judge's grant of suspension of deportation.

DISCUSSION AS TO ELIGIBILITY FOR SUSPENSION OF DEPORTATION: The respondents are both natives of Antigua and citizens of the United Kingdom and Colonies. The trial attorney argues that the respondents are ineligible for suspension of deportation under the pro-

visions of section 244(f)(3) of the Act because they are natives of an "adjacent island." Section 244(f)(3) provides that suspension shall not be available to an alien who:

> is a native of any country contiguous to the United States or of any adjacent island named in section 101(b)(5): *Provided,* That the Attorney General may in his discretion agree to the granting of suspension of deportation to an alien specified in clause (3) of this subsection if such alien establishes to the satisfaction of the Attorney General that *he is ineligible to obtain a special immigrant visa.* (Emphasis supplied.) [1]

The trial attorney has cited *Matter of Longsworth,* 13 I. & N. Dec. 225 (BIA 1969), in support of his position. In *Longsworth* we held that British Honduras was an "adjacent island" within the meaning of section 101(b)(5) of the Act, and that therefore a native of British Honduras was ineligible for suspension of deportation under section 244(f)(3). We also denied counsel's request that the case be remanded to the immigration judge for a determination of whether the respondent was unable to obtain an immigration visa because he lacked the labor clearance required by section 212(a)(14) of the Act. We did not specifically address the issue of whether a native of a colony of a foreign state is a person who is "ineligible to obtain a *special immigrant* visa," and therefore eligible for suspension of deportation under the proviso to section 244 (f)(3).

The General Counsel of the Service has submitted a memorandum setting forth the current Service view regarding the eligibility for suspension of deportation of aliens such as the respondents. We agree with the General Counsel's statement that a native of an "adjacent island" which is a colony of a foreign state is eligible for suspension of deportation under the proviso to section 244(f)(3) for the reason that such an alien, by definition, is not eligible for a *special immigrant* visa. Section 101(a)(27) of the Immigration and Nationality Act.

We recede from the result reached in *Matter of Longsworth,* supra, which indicates that a native of an "adjacent island" which is a colony of a foreign state is ineligible for suspension of deportation. Accordingly, we conclude that the respondents are not ineligible for suspension of deportation by reason of section 244(f)(3).

Both respondents have met the seven-year physical presence requirement of section 244(a)(1), and both are persons of good moral character. The remaining questions are whether the respondents' deportation would result in "extreme hardship" to themselves or their

---

[1] The 1969 Committee Print of the Immigration and Nationality Act for the use of the Committee on the Judiciary of the House of Representatives used the term "nonquota" immigrant visa instead of "special" immigrant visa. However, analysis of various changes made in the Act shows that within the meaning of section 244(f)(3) the terms "nonquota" and "special" are synonymous, and we have so held. *Matter of Brandi,* 15 I. & N. Dec. 116 (BIA 1974).

United States citizen children, and whether discretion should be exercised in their favor.

The immigration judge found that the male respondent would be unable to obtain employment in Antigua, that neither of the respondents would be able to provide for their own necessities in Antigua, that the respondents' minor United States citizen children would suffer because of the respondents' lack of ability to provide them with proper food and living facilities in Antigua, and that the school system in Antigua is far inferior to that in the United States. The immigration judge also found that the respondents' younger citizen daughter is afflicted with rheumatic fever and is under a physician's care, and that equal medical care is not available in Antigua.

We agree with the immigration judge's conclusion that the respondents have demonstrated that their deportation would result in "extreme hardship" to themselves and to their United States citizen children. We also agree with the immigration judge's conclusion that the respondents merit a favorable exercise of discretion.

The immigration judge's decision was correct. The Service appeal will be dismissed.

ORDER: The appeal is dismissed.

Further order: The deportation of both respondents is suspended under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended.

Further order: If Congress takes no action adverse to the order granting suspension of deportation, the proceedings shall be cancelled, and appropriate action shall be taken pursuant to section 244(d) of the Immigration and Nationality Act.

Further order: In the event Congress takes action adverse to the order granting suspension of deportation, these proceedings shall be reopened upon notice to the respondents.

**Warren R. Torrington, Board Member, dissenting:**

I respectfully dissent.

It appears that any hardship which the respondents or their children might suffer by reason of the family's return to Antigua would be purely economic. Economic hardship is, of course, not the "extreme hardship" contemplated by Congress when it enacted the present section 244 of the Immigration and Nationality Act.

Congress has never accepted the theory that minor American-born children of deportable aliens must, or even should, remain in the United States, and that living with their deportable parents in their home country would result in "extreme hardship" to them. Any American-born child was born in what we believe to be the greatest country on

earth. Thus, such a child may indeed be considered to suffer some hardship of one kind or another the moment it leaves with its parents for their home country, in which, by definition, conditions cannot be equal to those in the United States. That kind of hardship, however, has never been considered by Congress, the courts, or otherwise, to be the "extreme hardship" required for eligibility for relief under section 244(a)(1) of the Act.

One of the respondents' young children was treated for rheumatic fever. Except for the female respondent's assertion, there is nothing in this record to warrant a conclusion that effective treatment for that disease, if it still exists, will not be available in Antigua.

The respondents are ineligible for the relief of suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, as amended.

The Service appeal should have been sustained.